NO. 07-00-0352-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 16, 2001

______________________________

JOHN N. PAWLOSKI, APPELLANT

V.

PERCEPTIVE IMAGING SYSTEMS, INC. ET AL., APPELLEES

_________________________________

FROM THE 165
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 1999-44185; HONORABLE ELIZABETH RAY, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant John N. Pawloski challenges a summary judgment that he take nothing in his suit against appellees Perceptive Imaging Systems, Inc., 
et al
.
(footnote: 1)  By six points of error, he contends that the trial court erred in granting summary judgment.  Because the summary judgment is interlocutory and not subject to appeal, we must dismiss for want of jurisdiction.

On August 30, 1999, Pawloski filed “Plaintiff’s Original Petition” naming eleven defendants as follows:  (1) Perceptive Imaging Systems, Inc., n/k/a Petris Technology, Inc. (2) Terra Laboratories, Ltd., II, d/b/a Terra Air Services, (3) T.L. Management, Inc., (4) Perceptive Scientific Instruments, Inc. n/k/a Hurnburk Instruments, Inc., (5) James L. Hurn, (6) Edward Randall, III, (7) Tim Burkett, (8) Jeff Pferd, (9) Jim Prichett, (10) Mike Dumm, and (11) James E. Worthing d/b/a Worthing Consulting Services, and James E. Worthing individually.  In response, defendants Petris, Terra, T.L., and Worthing filed their answers, special exceptions, and motions to dismiss on October 8, 1999.

Then, on April 3, 2000, four of the named defendants, (
i
.
e
. Petris, Terra, T.L., and Worthing) filed a joint motion for summary judgment, and on April 17, 2000, Pawloski filed his response in opposition to the motion.  Finally, before the hearing on the motion for summary judgment, Pawloski filed his “Plaintiff’s Second Amended Original Petition” on May 19, 2000, again naming all eleven defendants named in his original petition.
(footnote: 2)  Notwithstanding Pawloski’s amended petition, Petris, Terra, T.L., and Worthing did not amend their motion for summary judgment, and on May 26, 2000, the trial court rendered summary judgment that Pawolski take nothing against Petris, Terra, T.L., and Worthing.  However, the judgment did not mention or otherwise address Pawloski’s claims against the remaining seven defendants.  Moreover, the record does not reflect that Pawloski’s claims against the seven defendants were dismissed, non-suited, or severed.

When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001); 
see also
 McNally v. Guevara, No. 99-0230, 2201 Tex. LEXIS 72, (Tex. June 28, 2001) (not yet released for publication).  Nothing in this record indicates disposition of the claims against defendants Perceptive Scientific Instruments, Inc. n/k/a Hurnburk Instruments, Inc., James L. Hurn, Edward Randall, III, Tim Burkett, Jeff Pferd, Jim Prichett, and Mike Dumm, and counsel’s stipulations at oral submission of this appeal cannot confer jurisdiction where none exists.  Therefore, under 
Lehmann
 the judgment is interlocutory and not subject to appeal.  This Court is without power to review it and has jurisdiction only to dismiss the appeal.  Steeple Oil and Gas Corp. v. Amend, 394 S.W.2d 789, 790 (Tex. 1965).

Accordingly, this appeal is dismissed for want of jurisdiction. 

Don H. Reavis

        Justice

Do not publish.

FOOTNOTES
1:
Defendants designated in footnote 2.

2:
The amended petition asserted the claims as follows: 

Claims against Terra, Hurn and T.L.

A.  Breach of Contract

B.  Fraudulent Inducement to contract Fraudulent Misrepresentation

C.  Negligence Misrepresentation

Claims against Petris

A.  Fraudulent Inducement to Contract Fraudulent Misrepresentation

B.  Negligent Misrepresentation

C.  Tortuous Interference with Contract

Claims against Worthing and Worthing Consulting

A.  Fraudulent Inducement to Contract Fraudulent Misrepresentation

B.  Negligent Misrepresentation

C.  Tortuous Interference with Contract

Claims against Randall

A.  Tortuous Interference with Contract

Claims against Hurnburk 
Instruments, Inc

A.  Tortuous Interference with Contract

Claims against Hurn, Burkett, Pferd, Pritchett, and Dumm

Petris did not pay its franchise taxes.  Plaintiff sues these defendants as former officers and directors of Petris alleging personal liability.